IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Edrian Wright )<br>*a/k/a Edrian Donyae Wright* )<br>*a/k/a Donyae* )<br>*a/k/a Yaeyo* )<br>*a/k/a Yae*, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Dr. James (MUSC), )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 0:20-cv-4477-TMC<br><br>**ORDER** |

Plaintiff Edrian Wright, a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On February 11, 2021, the magistrate judge entered an order granting Plaintiff twenty-one days in which to bring the case into proper form. (ECF No. 11). The same day, the magistrate judge also entered an order informing Plaintiff that his case is subject to summary dismissal because Defendant is not amenable to suit under § 1983, and granting Plaintiff twenty-one days to file an amended complaint curing the deficiencies set forth in the order (the "Summary Dismissal Order"). (ECF No. 10). The order further warned Plaintiff that if he failed to file an amended complaint within the time permitted, his case may be subject to summary dismissal pursuant to 28 U.S.C. § 1915A. *Id*. at 4. On February 11, 2021, both orders were mailed to Plaintiff at the updated address he provided the court (ECF Nos. 9; 12), and neither has been returned to the court as undeliverable. Accordingly, Plaintiff is presumed to have received both the proper form order as well as the Summary Dismissal Order. However, although Plaintiff partially responded to the

1

proper form order, *see* (ECF No. 13), to date Plaintiff has filed no amended complaint nor has he responded in any way to the Summary Dismissal Order.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss Plaintiff's action without prejudice and without issuance and service of process for the reasons set forth in the Summary Dismissal Order. (ECF No. 16). Plaintiff filed objections to the Report, (ECF No. 19), and this matter is now ripe for review.

## MAGISTRATE JUDGE'S FINDINGS & CONCLUSIONS

In the Summary Dismissal Order, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. (ECF No. 10 at 1–2). Briefly, as the magistrate judge correctly noted, the Prison Litigation Reform Act of 1996 ("PLRA"),[1] requires this court to engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity, and "to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." *Id*. at 2 (citing 28 U.S.C. § 1915A(b)). The magistrate judge further noted that, in order to state a claim for relief pursuant to § 1983, "a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law." *Id*. at 3 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Applying these standards, the magistrate judge found that Plaintiff has alleged no facts that would plausibly show that Defendant—a doctor at the Medical University of South Carolina—is a state actor amenable to suit under § 1983 or that he was in any way involved in the

---

[1] Pub. L. No. 104–134, 110 Stat. 1321–71 (1996).

2

alleged constitutional violation. *Id*. at 3–4. Thus, the magistrate judge concluded that Plaintiff's complaint fails to set forth a claim for relief under § 1983, and recommends the court summarily dismiss this action pursuant to § 1915A. *See id*.; (ECF No. 16 at 1–2).

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in

3

his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## DISCUSSION

Although Plaintiff filed objections to the Report, they are in large part illegible and, to the extent they are decipherable, they are unintelligible.[2] *See* (ECF No. 19). Further, based on what

---

[2] In relation to the Plaintiff's objections, the court must address the profanity and abusive language contained therein. While Plaintiff may be frustrated, this is no excuse for the language Plaintiff used, and the court will not tolerate it. "Due to the very nature of the court as an institution, it must and does have the inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993). Although the court recognizes the leniency typically afforded to *pro se* parties, this court considers the profanity used by Plaintiff to be harassment and sanctionable under Rule 11 of the Federal Rules of Civil Procedure. In order for the court to impose sanctions *sua sponte* under Rule 11, a party must be given notice that sanctions are being considered. Fed. R. Civ. P. 11(c)(1)(B). Accordingly, Plaintiff is hereby advised that Rule

the court can glean, the objections are non-specific and entirely unrelated to the dispositive portions of the Summary Dismissal Order and the Report. *See id*. Nevertheless, liberally construing his objections, Plaintiff appears to make reference to other cases he has filed in this district and to suggest that the court should obtain information from those cases in order to bring Plaintiff's pleadings in this case into proper form. *See id*. While the court takes judicial notice of Plaintiff's prior cases,[3] it is neither the court's job nor its responsibility wade through Plaintiff's previous filings for information that may be relevant or related to the case at hand. This is especially true in light of the fact that in each of Plaintiff's previous cases, except for his most recent action,[4] a magistrate judge has found Plaintiff's pleadings to be deficient and subject to summary dismissal. *See Wright v. S.C. Dep't of Corrections*, No. 0:20-cv-216-TMC, Dkt. Nos. 9, 23, 40 (filed Jan. 22, 2020) (magistrate judge granted Plaintiff an opportunity to amend his complaint and cure the deficiencies therein but no amended complaint was filed; case was dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with court orders; dismissal affirmed on appeal); *Wright v. Med. Univ. of S.C. (MUSC) Hosp.*, No. 0:20-cv-313-TMC, Dkt. Nos. 13, 17, 34 (filed Jan. 28, 2020) (same); *Wright v. Richland Mem'l Hosp.*, No. 0:20-cv-315-TMC, Dkt. Nos. 12, 17, 26 (filed Jan. 28, 2020) (same); *Wright v. S.C. Dep't of Corrections*, No. 0:20-cv-1877-TMC, Dkt. Nos. 8, 17, 22, 32 (filed May 14, 2020) (magistrate

---

11 sanctions will be considered in the future any time that he submits correspondence or pleadings containing offensive, abusive, or profane language.

[3] *See, e.g.*, *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting "the most frequent use of judicial notice is in noticing the content of court records" (internal quotation marks omitted)).

[4] *See Wright v. Dr. Kendtz*, No. 0:20-cv-2299-TMC, Dkt. Nos. 65, 72 (filed June 18, 2020). In that case, Plaintiff was afforded multiple opportunities to submit proposed summonses properly identifying Defendants, but they were returned unexecuted each time because the Defendants could not be found based on the information Plaintiff provided. *See id*. at Dkt. No. 65. The magistrate judge recommended dismissal pursuant to Fed. R. Civ. P. 4(m) for failure to effect service, *id*., and Plaintiff failed to file any objections to the Report. The court subsequently adopted the Report and dismissed the action without prejudice pursuant to Rule 4(m). *Id*. at Dkt. No. 72.

judge granted Plaintiff an opportunity to amend his complaint and cure the deficiencies therein but no amended complaint was filed; case was summarily dismissed for failure to state a claim; and the Fourth Circuit dismissed Plaintiff's appeal for failure to prosecute). Accordingly, this objection is overruled and, because Plaintiff has failed to set forth any specific objections to the Report, the court need only review the Report for clear error. *Dunlap*, 288 F. Supp. 3d at 662.

Thus, having thoroughly reviewed the Report and the Summary Dismissal Order, the court, finding no clear error, agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Summary Dismissal Order (ECF No. 10) and Report (ECF No. 16), which are incorporated herein by reference. Accordingly, this action is **DISMISSED** without prejudice and without issuance and service of process.[5] Plaintiff's pending motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED as moot**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
April 2, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[5] This action constitutes a "strike" pursuant to the PLRA based on Plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724–25, 207 L. Ed. 2d 132 (2020) (noting "[a] strike-call under Section 1915(g) ... hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect[,]" such that the three-strike rule applies equally to dismissals without prejudice).